**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>NAEEM QARNI<br>and SAIMA QARNI,<br><br>　　　　　Debtors. | Case No. 19-12679-A-13 |
| NAEEM QARNI<br>and SAIMA QARNI,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>GULAMNABI VAHORA, PHILLIP ROSENZWEIG, SHANE G. SMITH, SILVERANG, ROSENZWEIG & HALTZMAN, LLC and McCORMICK BARSTOW SHEPPARD WAYTE and CARRUTH, LLP,<br><br>　　　　　Defendants. | Adv. No. 19-01090-A<br><br>**MEMORANDUM**<br><br>PRG-3 |

Argued and submitted on November 21, 2019

at Fresno, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances:　Paul R. Gaus, McCormick, Barstow, Sheppard, Wayte & Carruth, LLP for the Gulamnabi Vahora, Philip Rosenzweig, Shane G. Smith, Silverang, Rosenzweig, & Haltzman, LLC and McCormick, Barstow, Sheppard, Wayte & Carruth LLP; Nicholas E. Aniotzbehere, Yarra Law Group for Naeem Qarni and Saima Qarni

Section 362 precludes creditors from "exercising control over property of the estate." Here, a creditor obtained a judgment against the debtor and his corporation. As the sole shareholder, the debtor has plenary control over corporate activities. Thereafter, the debtor filed chapter 13 bankruptcy. If the creditor seeks appointment of a receiver to liquidate the corporation has the creditor exercised control over the individual debtor's right to steer corporate affairs in violation of the stay?

**I.　FACTS**

Valley Diagnostics Labs, Inc. ("VDL") is a corporation. Naeem Qarni ("Naeem") is VDL's sole shareholder, director and officer. As its only shareholder, Naeem had the right to control VDL. That right includes the right to elect the Board of Directors, who has plenary authority over corporation activities. Bylaws, Arts. II, § 1, III, §§ 1(b), 2. It also includes the right to dictate corporate activities without intervention by the Board of Directors:

> Except as otherwise provided by statute or by the Certificate of Incorporation **any corporate action**, other than the election of directors to be taken by vote of the shareholders, **shall be authorized by a majority of votes cast at a meeting of shareholders by the holders of shares entitled to vote thereon.**

*Id*. at Art. II, § 6(a) (emphasis added).

Dr. Gulamnabi Vahora ("Vahora") sued Naeem and VDL to collect a debt arising out of Naeem and Vahora's purchase of VDL from a third party. *Vahora v. Valley Diagnostics Laboratory, Inc.*, 1:16-cv-01624-SKO (E.D. Cal. 2016). Vahora prevailed, recovering a judgment against Naeem in the amount of $240,000 and also against VDL in the amount of $158,000.

Subsequently, Naeem and his spouse, Saima Qarni (individually

"Saima" and collectively "Qarnis"), filed a chapter 13 bankruptcy. Both Qarnis are employed at VDL. Naeem is the president and Saima is a supervisor. Their net monthly income from VDL $7,437. Qarnis' household expenses aggregate $5,495, leaving disposable income of $1,943 to fund a plan.

The Qarnis have proposed a plan that calls for payments to the Chapter 13 trustee of $642 per month for 36 months. Second Amended Chapter 13 Plan §§ 2.01, 2.03, November 26, 2019, ECF # 149. From that amount the trustee is to retire debt of $12,400 secured by Qarnis' 2016 Honda Odyssey and pay unsecured creditors, estimated to be $248,000, 18% of allowed claims. *Id.* at § 3.14. The plan rejects all executory contracts and revests property in the debtor. *Id.* at §§ 4.01-4.02, 6.01. The plan has not yet been confirmed.[1]

Thereafter, Vahora filed, but has not served or otherwise prosecuted, a second action against VDL only, seeking: (1) appointment of a receiver for VDL until such time as (a) the judgement owed Vahora is paid; (b) VDL winds down; or (c) control of VDL is transferred to Vahora or sold; (2) accounting of VDL's books and records; (3) breach of fiduciary duty; and (4) violations of California Corporations Code §§ 16403(a), (b)(1),(2). *Vahora v. Valley Diagnostics Laboratory, Inc.*, No. 19-cv-00912-DAD-SKO (E.D. Cal. 2019).

**II. PROCEDURE**

The Qarnis filed this adversary proceeding alleging Vahora's willful violation of the stay by filing the second action against VDL.

---

[1] Admittedly, the result might be different if the plan were confirmed at the time Dr. Vahora filed suit to appoint a receiver. Chapter 13 plans may assume or reject executory contracts. 11 U.S.C. § 1322(b)(7), 365(d)(2). Rejection of an executory lease constitutes a breach of the agreement. 11 U.S.C. § 365(g); *Mission Product Holdings, Inc. v. Tempnology, LLC*, 139 S.Ct. 1652 (2019).

3

1  The adversary proceeding named Vahora and his attorneys in the second
2  action.
3       In response, the defendants moved to dismiss the complaint
4  arguing that its effort to place VDL in receivership was not an act to
5  control property of the estate.  The court granted the motion with
6  leave to amend.[2]
7       Thereafter, the Qarnis filed a First Amended Complaint.  The
8  defendants once again move to dismiss it.
9  **III.  JURISDICTION**
10      This court has jurisdiction.  28 U.S.C. § 1334(a)-(b); *see also*
11 General Order No. 182 of the Eastern District of California.  This is
12 a core proceeding.  28 U.S.C. § 157(b)(2)(A),(G), and (O); *In re Death*
13 *Row Records, Inc.*, 2012 WL 952292 *3 (9th Cir. BAP March 21, 2012)
14 (contempt for stay violation).  The plaintiffs have consented to final
15 orders and judgments by this court.  First Amended Complaint ¶ 4,
16 October 16, 2019, ECF # 66.
17 **IV.  LAW**
18      **A.   Rule 12(b)(6) Motions**
19      Under Federal Rule of Civil Procedure 12(b)(6), a party may move
20 to dismiss a complaint for "failure to state a claim upon which relief
21 can be granted."  Fed. R. Civ. P. 12(b)(6), *incorporated by* Fed. R.

---

[2] This court's rulings as to whether appointment of a receiver over VDL constituted the exercise of control over estate property have been somewhat incongruous.  Initially, the court denied retroactive stay relief as to Vahora's attempt to appoint a receiver over VDL believing that doing so violated the stay as to the Qarnis.  *In re Qarni*, No. 19-12679 (Bankr. E.D. Cal. 2019), Civil Minutes pp. 6-9, August 14, 2009, ECF # 64.  But the court later granted the defendants' motion to dismiss the original complaint finding that it failed to state a cause of action.  However, Qarnis' original complaint, July 26, 2019, ECF # 1, failed to plead that Naeem, as the sole shareholder, had the right to control the affairs of the corporation and also failed to attach VDL's Bylaws.  The First Amended Complaint has remedied that shortcoming.  First Amended Complaint ¶ 15, October 16, 2019, ECF # 66 and Bylaws, Exh. 7, October 16, 2019, ECF # 68.

Bankr. P. 7012(b).  "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008); *accord Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

The Supreme Court has established the minimum requirements for pleading sufficient facts.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In ruling on a Rule 12(b)(6) motion to dismiss, the court accepts all factual allegations as true and construes them, along with all reasonable inferences drawn from them, in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  The court need not, however, accept legal conclusions as true. *Iqbal*, 556 U.S. at 678.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In addition to looking at the facts alleged in the complaint, the court may also consider some limited materials without converting the motion to dismiss into a motion for summary judgment under Rule 56. Such materials include (1) documents attached to the complaint as

exhibits, (2) documents incorporated by reference in the complaint, and (3) matters properly subject to judicial notice.[3] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003); *accord Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curium) (citing *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)). A document may be incorporated by reference, moreover, if the complaint makes extensive reference to the document or relies on the document as the basis of a claim. *Ritchie*, 342 F.3d at 908 (citation omitted).

### B. 11 U.S.C. 362(a)

"[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). "Willful" means that the defendant creditor "knew of the automatic stay and that the defendant's actions which violated the stay were intentional." *In re Pace*, 67 F.3d 187, 191 (9th Cir. 1995); *In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989). It is unnecessary for the injured debtor to show that the creditor knew its acts violated the stay. *Id.; In re Campion*, 294 B.R. 313, 318 (9th Cir. 2003)("Once a creditor knows that the automatic stay exists, the creditor bears the risk of all intentional acts that violate the automatic stay regardless of whether the creditor means to violate the automatic stay.").

In Chapter 13, a stay arises on the filing of the petition. 11 U.S.C. §§ 362(a), 301-301, 103(a). As pertinent here, the stay provides:

> (a) Except as provided in subsection (b) of this section, a

---

[3] The court takes judicial notice of the dockets in the underlying Chapter 13 case. *In re Qarni*, No. 19-12679 (Bankr. E.D. Cal. 2019).

> petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, **operates as a stay, applicable to all entities,** of--
>
> ...
>
> (2) **the enforcement,** against the debtor or **against property of the estate, of a judgment** obtained before the commencement of the case under this title;
>
> (3) **any act** to obtain possession of property of the estate or of property from the estate or **to exercise control over property of the estate**....

11 U.S.C. § 362(a)(2),(3) (emphasis added).

Section 362(a) protects the debtor, the debtor's property, and property of the debtor's estate. *In re Casgul of Nev., Inc.*, 22 B.R. 65, 66 (9th Cir. BAP 1982). Non-debtors are not protected by the stay. *In re Chugach Forest Products, Inc.*, 23 F.3d 241, 246 (9th Cir. 1994); *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491-1492 (9th Cir. 1993). More to the point, a debtor's non-filing codefendants are not protected by the debtor's stay. *In re Miller*, 262 B.R. 499, 503-504 fn. 6 (9th Cir. BAP 2001); *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1329-1330 (10th Cir. 1984).

**V.　DISCUSSION**

The Ninth Circuit has articulated a three part test to decide whether a creditor's actions rise to the level of exercising control over property of the estate, 11 U.S.C. § 362(a)(3):

> The Ninth Circuit, in *In re Bialac,* 712 F.2d 426 (9th Cir.1983), applied a three part test to determine whether a creditor violated § 362(a)(3). First, the court examined whether the debtor had a property right at state law. Second, the court asked whether that right was property of the estate. Third, the court determined "if the property was altered in a manner contrary to the relevant provisions of 11 U.S.C. § 362(a)...." *Id.* at 429–430 (9th Cir.1983). *See also In re Bibo, Inc.,* 200 B.R. 348, 351 (9th Cir. BAP 1996).

*In re Spaulding Composites Co., Inc.*, 207 B.R. 899, 907 (9th Cir. BAP 1997).

### A.　　Naeem had a Property Right Under State Law

The right to control a wholly owned entity is a property right. *Shin v. Altman (In re Altman)*, 2018 WL 3133164 at *4-6 (9th Cir. BAP June 26, 2018) (operating agreement for limited liability company is a property right under California law), citing *Colonial Realty Co. v. River Bank Am. (In re Colonial Realty Co.)*, 122 B.R. 1 (Bankr. D. Conn. 1990) and *Edisto Resources Corp. v. McConkey (In re Edisto Resources Corp.)*, 158 B.R. 954, 957 (Bankr. D. Del. 1993). "[A] debtor's property rights are defined by state law." *Altman* at *5, citing *Butner v. United States*, 440 U.S. 48, 55 (1979); and *McCarthy, Johnson & Miller v. N. Bay Pluming, Inc. (In re Pettit)*, 217 F.3d 1072, 1078 (9th Cir. 2000). California law treats corporate bylaws as contracts between the corporation and its shareholders. *Riverside Land Co. v. Jarvis*, 174 Cal. 316 (1917); *Saline Valley Salt Co. v. White*, 177 Cal. 341, 346 (1918); *Casady v. Modern Metal Spinning & Mfg. Co.*, 188 Cal.App.2d 728, 732-33 (1961). It also treats contract rights as property. *Altman* at *5, citing Cal. Civ. Code § 654.

Here, consistent with applicable state law, the bylaws authorized Naeem to elect the Board of Directors and authorized him to dictate corporate activities without board approval. Bylaws, Arts. II, §§ 1, 6(a), III, § 2; Cal. Corp. Code § 212(b)("The bylaws may contain any provision, not in conflict with law or the articles for the management of the business and for the conduct of the affairs of the corporation..."); § 603(a) (authorizing shareholder action without a meeting). Hence, Naeem had a right to control VDL and California law

deems that right to be property.

### B.　　These Contract Rights Are Property of the Estate

Contract rights are property of the estate. Section 541 of the bankruptcy code determines "whether an interest of the debtor is property of the estate." *Altman* at *5. Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Prepetition contract rights are property of the estate. *Altman* at *5, citing *Rau v. Ryerson (In re Ryerson)*, 739 F.2d 1423, 1425 (9th Cir. 1995); *Sliney v. Battley (In re Schmitz)*, 270 F.3d 1254, 1258 (9th Cir. 2001); and *Johnson v. Taxel (In re Johnson)*, 178 B.R. 216, 218-219 (9th Cir. BAP 1995).

Here, the violation of the stay occurred after the Qarnis filed their chapter 13 petition but before plan confirmation, which would have revested the property in the debtor. 11 U.S.C. § 1327(b) (except as provided otherwise by the plan or confirmation order, confirmation revests property in the debtor); Chapter 13 plan § 6.01 (which provides for revesting); *contra*, 11 U.S.C. § 1306(b) (which provides that the debtor "remain in possession of property of the estate"). Consequently, at the time of the stay violation, Naeem's right to control the affairs and direction of VDL was property of the Qarnis' estate.

### C.　　Alternation of the Property Right

The act of filing suit, which includes causes of action that seek to exercise control over property of the estate, is itself a violation of § 362(a)(3). *In re Howry LLP*, 2014 WL 3899309 *2-3 (N.D. Cal. 2014) (unsecured creditor filed adversary proceeding to collect fraudulent transfer claims belonging to the estate held to violate §

9

362(a)(3)).

This result finds its roots in other branches of § 362. "The stay of section 362 is extremely broad in scope and....should apply to almost any type of formal or informal action against the debtor or property of the estate." *In re Stringer*, 847 F.2d 549, 552 (9th Cir. 1988), quoting 2 L. King, *Collier on Bankruptcy* ¶ 362.04, at 362-31 (15th ed. 1988).

Had Vahora been successful in his efforts to appoint a receiver, Naeem's right to control the future course of affairs would have been altered in a manner contrary to the stay. *Altman*, 2018 WL at *4-6 (affirming bankruptcy court's denial of stay relief where doing so would "adversely impact" the debtor's ability to reorganize); *Federal Home Loan Mortg. Corp. v. Holme Circle Realty Corp.*, 146 B.R. 135 (E.D. Pa. 1992); *In re Baumgardner*, 2007 WL 655308 *4 (Bankr. N.D. Tex. 2007). Vahora's second action against VDL prays appointment of a receiver to "carry out the judgment" against an entity that he describes as "barely profitable". *Vahora v. Valley Diagnostics Laboratory* ¶¶ 56, 59. From this the court infers a desire to liquidate VDL. Since VDL's liquidation would result in Qarnis' loss of employment, and consequent ability to fund their chapter 13 plan, Vahora's efforts to appoint a receiver over VDL, if successful, would alter Naeem's right to control that entity in a manner inconsistent with § 362(a).

Moreover, a creditor who attempts, but fails, to achieve actual control over estate property does not give the creditor a safe harbor against a stay violation action. *Whitney v. Everett (In re Pacific Thomas Corp.)*, 2017 WL 3300600 *3 (9th Cir. BAP August 3, 2017) (recordation of lis pendens in violation of § 362); *In re Northwest*

10

*Territorial Mint, LLC*, 2016 WL 4168629 *5 (Bankr. W.D. Wash. August 4, 2016 (demand for retainer and consumer protection complaint filed with Attorney General for the State of Washington); *In re Aurora Gas, LLC*, 2017 WL 4325560 *4 (Bankr. Alaska September 26, 2017) ("effort" to collect prepetition debt violated § 362(a)(3)).

Consequently, the Qarnis have pled a violation of § 363(a)(3) as described in *Spaulding Composites Co.*, 207 B.R. at 907.

**VI. CONCLUSION**

For each of these reasons, Dr. Vahora's motion to dismiss will be denied. The court will issue an order from chambers.

Dated: Dec 11, 2019

_____
Fredrick E. Clement
United States Bankruptcy Judge

11

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Attorney for the Plaintiff**(s)<br>Nicholas E. Aniotzbehere<br>2000 Fresno St., Suite 300<br>Fresno CA 93721 | **Attorney for the Defendants**(s)<br>Paul Gaus<br>7647 N Fresno St<br>Fresno CA 93720 |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>2500 Tulare St, Ste 1401<br>Fresno, CA 93721 |